UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Zachary Franklin Smith, # 269134, ) | C/A No. 0:07-2670-HFF-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Laurie Francis Bessing, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner has filed this matter pursuant to 28 U.S.C. § 2254. It appears from his amended petition that he wishes to challenge two March 2000 convictions and sentences for Criminal Sexual Conduct with a Minor in the First Degree, and Lewd Act on a Minor.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325, (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, (4th Cir., September 15, 1995)(*en banc*), *cert. denied*, *Nasim v. Warden, Maryland House of Correction*, 516 U.S. 1177, (1996); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), *cert. denied*, *Leeke v. Gordon*, 439 U.S. 970 (1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even under this less stringent standard, a



review of the Petition reveals that this Section 2254 petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387,(4th Cir. 1990).

Specifically, this petition for a writ of habeas corpus should be dismissed because the petitioner has not exhausted his state remedies. With respect to his convictions and sentence, the petitioner's sole *federal* remedies are a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after he has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion also required under 28 U.S.C. § 2241); and *Moore v. De Young*, 515 F.2d 437, 442-443 (3rd Cir. 1975)(exhaustion required under 28 U.S.C. § 2241). Although the petition is difficult to decipher, it appears the petitioner failed to file a direct appeal of his convictions. He then filed an application for post-conviction relief (PCR) in either May, June, or August of 2007, but even assuming petitioner has already received a decision from the PCR court, which he does not seem to allege, he makes no reference to appealing any adverse decision of his post-conviction relief application to the state's highest court having jurisdiction over the matter. As a result, the grounds raised in this § 2254 petition have not been considered and addressed by the courts of the State of South Carolina,[1] and have not been properly exhausted for consideration by this Court.

If a South Carolina prisoner's application for post-conviction relief is denied or dismissed by a Court of Common Pleas, he or she can file an appeal in that post-conviction case. *See*

---

[1] While Petitioner does refer to several other cases which he has filed in this United States District Court, a review of the Civil Action Numbers provided for those cases reveals they were filed pursuant to 42 U.S.C. § 1983.



§ 17-27-100, South Carolina Code of Laws; and *Knight v. State*, 284 S.C. 138, 325 S.E.2d 535 (1985).  In fact, if the petitioner filed an application for post-conviction relief and the Court of Common Pleas for Anderson County denied post-conviction relief or dismissed petitioner's application for post-conviction relief, he must seek appellate review by the Supreme Court of South Carolina or federal collateral review of the grounds raised in his application for post-conviction relief will be barred by a procedural default.  *See Whitley v. Bair*, 802 F.2d 1487, 1500 & n. 27 (4th Cir. 1986), *cert. denied*, 480 U.S. 951 (1987); *Mason v. Procunier*, 748 F.2d 852, 853-854 (4th Cir. 1984), *cert. denied*, *Mason v. Sielaff*, 471 U.S. 1009 (1985); and *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, which is currently codified at § 17-27-10 *et seq*., South Carolina Code of Laws, is a viable state-court remedy.  *See Miller v. Harvey*, 566 F.2d 879, 880-881 (4th Cir. 1977), *cert. denied*, 439 U.S. 838 (1978); and *Patterson v. Leeke*, 556 F.2d 1168, 1170-1173 & n. 1 (4th Cir.), *cert. denied*, 434 U.S. 929 (1977). Therefore, since the petitioner has a viable state court remedy which has not been fully utilized, the United States District Court for the District of South Carolina should not keep this case on its docket while the petitioner is exhausting his state remedies.  *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").  *See also Pitchess v. Davis*, 421 U.S. 482, 490 (1975); and *Lawson v. Dixon*, 3 F.3d 743, 749 n. 4, (4th Cir. 1993), *cert. denied*, 510 U.S. 1171, (1994), where the United States Court of Appeals for the Fourth Circuit noted: "[E]xhaustion is not a jurisdictional requirement, but rather arises from interests of comity between the state and federal courts."



## **RECOMMENDATION**

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed *without prejudice* and without issuance and service of process upon the respondents.  *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return), *cert. denied*, 400 U.S. 906 (1970); and *Baker v. Marshall*, 1995 WL 150451 (N.D.Cal., March 31, 1995)("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court.").  *Cf.* the Anti-Terrorism and Effective Death Penalty Act of 1996.

Bristow Marchant
Columbia, South Carolina                         United States Magistrate Judge
September 28, 2007

*<u>The petitioner's attention is directed to the important notice on the next page.</u>*



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

